# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| SHAREEF CLEMENS, | : | |
| --- | --- | --- |
| Plaintiff | : | CIVIL ACTION NO. 3:19-0723 |
| v. | : | (JUDGE MANNION) |
| PA RUSSELL MILLER, | : | |
| Defendant | : | |

## MEMORANDUM

### I. BACKGROUND

Plaintiff, Shareef Clemons, an inmate formerly confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The only named Defendant is Russell Miller, Physician Assistant employed at SCI-Mahanoy. Id.

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint. (Doc. 11). The motion is fully briefed and, for the reasons that follow, the Court will grant Defendant's motion to dismiss.

---

[1] Plaintiff is currently housed at the State Correctional Institution, Waymart, Pennsylvania.

## II. MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule

12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

### III. ALLEGATIONS IN COMPLAINT

On October 10, 2018, Plaintiff sustained "a gaping laceration under [his] left eye" after being injured inside the SCI-Mahanoy recreational yard. (Doc. 1, complaint). He "immediately sought medical attention at SCI-Mahanoy medical department", where he was examined by Defendant, Miller. Id. Defendant Miller "administered (4) stiches and closed the wound." Id. He then scheduled Plaintiff to have the stitches removed on October 15, 2018. Id.

On October 15, 2018, Plaintiff went to medical as scheduled to have his stitches removed. Id. Plaintiff states that "while Mr. Miller was attempting got remove the stitches, [Plaintiff] was screaming because [he] was in

serious pain" and "felt [his] flesh tearing and [he] felt that a nerve under [his] eye was being aggravated." Id. He claims he "was screaming loud and clearly," but "Mr. Miller completely ignored [his] screaming and paid it no attention." Id. Defendant Miller "also complained that the scissors that he had to use were too big" and "each time that Mr. Miller would complain about the scissors, he would pull on the stitches even harder" and Plaintiff "was screaming out loud the whole time" because he was "in serious pain." Id. Plaintiff claims that "it took Mr. Miller approximately 10 minutes to remove the stitches from [his] eye" and Plaintiff "was screaming during the entire 10 minutes because what Mr. Miller was doing was causing [him] extreme pain." Id.

On October 25. 2018, Plaintiff filed Grievance No. 768391, seeking damages, claiming that Defendant Miller "didn't use proper medical equipment, causing further injury to [his] face" and "also re-opening the previous cut under [his] left eye." (Doc. 1 at 16, Official Inmate Grievance).

On November 20, 2018, Grievance No. 768391 was denied as follows:

> This is in response to Grievance #768391. According to documentation on your record, Mr. Miller removed 4 stitches without complications. The suture removal kits are standard size and we have no control over that. The morning after the sutures were removed you were called back up to medical to be assessed after you complained of problems on the block and to your family, that assessment is documented as a healing laceration, no complications after suture removal and no

additional injury. Since that time you have not been seen by medical for any issues, which indicated to me that there are no problems since that injury over a month ago. When sutures are removed there may be some discomfort. Grievances do not deal with monetary requests. I find no merit in this grievance and it is denied.

(Doc. 1 at 17, Initial Review Response).

On November 28, 2018, Plaintiff filed an appeal to the Facility Manager, (Doc. 1 at 18), who upheld the Grievance Coordinator's denial, based on the following:

> I am in receipt of your appeal in which you are claiming that you received improper treatment by the medical staff when sutures were removed on 10/15/18. You received the sutures due to a basketball injury on 10/10/18. You are requesting the sum of $230,000.00 in restitution.
>
> I have read the original grievance to include the response provided by CHCA Steinhart. I have also found the response to be appropriate. You were seen by medical on 11/21/18 and showed signs of improvement to the injury you sustained on 10/10/18. You were evaluated again on 11/23/18 and an x-ray was ordered due to your complaints of facial pain. On 11/28/18, an x-ray was completed and reviewed which indicated negative results (nothing was wrong). On 11/29/18, you were examined again, and the results of the x-ray was explained to you which indicated improvement in your sports injury. There was no additional injury sustained due to the removal of the sutures and the equipment that was used for the removal of the sutures is standard equipment. Your request for $230,000.00 in restitution is denied.
>
> Based on this information, I am upholding the decision of the grievance officer and deny our appeal.

(Doc. 1 at 20, Facility's Manager Appeal Response).

On March 1, 2019, Plaintiff's final appeal to the Secretary's Office of Inmate Grievances and Appeals was denied as follows:

> This office is in receipt of your appeal, has reviewed all applicable documents and consulted with relevant professional staff. In your grievance, you claim that you had previously incurred a sports related injury which required stitches on or around you eye. You state that the stitches were removed at a later date by Mr. Miller; however, you claim that Mr. Miller used scissors which were too large and cut you face in a different place. You state that Mr. Miller had to pull hard on the stitches which caused you to scream in pain and bleed. You assert that this violated your rights, call it deliberate indifference, and improper care. You go on to claim that you may need surgery to repair nerve damage and that you still have pain. You seek monetary relief.
>
> A review of the records by the Bureau of Health Care Services (BHCS) reflects that the medical care provided was reasonable and appropriate. The findings of the review concur with the Facility Manager's Appeal Response. You are encouraged to participate in your treatment plan and to discuss your concerns or changes of condition with a practitioner. No evidence of wrong doing was identified. Based on the review, your appeal any requested relief is denied.

(Doc. 1 at 23, Final Appeal Decision).

On April 26, 2019, Plaintiff filed the instant action, seeking compensatory and punitive damages, claiming that "the egregiousness of [Defendant's] actions and the pain and suffering that it has caused [Plaintiff] mentally and physically," violated Plaintiff's Eighth Amendment rights. (Doc. 1 at 11).

**IV. DISCUSSION**

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state

a valid claim of medical mistreatment under the Eighth Amendment ..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id., 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Further, a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. Id., 991 F.2d at 69. If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison

doctors or their assistants are mistreating (or not treating) a prisoner," liability may be imposed. Spruill, 372 F.3d 236.

A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

It is clear from Plaintiff's complaint that he does not allege that Defendant Miller refused to remove the stitches or failed to remove stitches, but that in removing stitches he did not exercise a bedside manner commensurate with Plaintiff's standards. While, undoubtedly, the suture removal procedure was necessary and, carried with it the possibility of pain,

discomfort and bleeding, Plaintiff's allegations and exhibits clearly demonstrate that Plaintiff received medical attention, and that the attention Plaintiff received lacks the requisite deliberate indifference to support a Section 1983 claim.

At best, Plaintiff's complaint demonstrates his disagreement with the type of treatment rendered. Though Plaintiff may have disagreed with the size of the scissors used to extract his stitches, or the manner of removal employed by Defendant Miller, disagreement with the course of action that was taken is not enough to state a §1983 claim. Sample v. Diecks, 885 F.2d 1099, 1109 (3d Cir. 1989) (citing Estelle, 429 U.S. at 105-06 (in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind)). This is particularly so in light of the fact that there are no allegations in the complaint that Defendant intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon Plaintiff. Farmer; Rouse. To the extent that Plaintiff's exhibits demonstrates that Plaintiff was continually monitored for further treatment, in accordance with Plaintiff's complaints of pain and discomfort, shows that Defendant Miller continued to be attentive to Plaintiff's situation. Thus, the allegations in the Plaintiff's complaint amount to nothing more than Plaintiff's

subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. At most, the allegations in the complaint only rise to the level of mere negligence. As simple negligence cannot serve as a predicate to liability under §1983, Hudson v. Palmer, 468 U.S. 517 (1984), Plaintiff's civil rights complaint fails to articulate an arguable claim. See White, 897 F.2d at 108-110.

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendant would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## VI. Conclusion

For the reasons set forth above, the Court will grant Defendant Miller's the motion to dismiss. (Doc.11). A separate Order shall issue.

*s/ Malachy E. Mannion*

**MALACHY E. MANNION
United States District Judge**

**DATE: March 26, 2020**
18-0723-01